UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shanta Decker, individually and as proxy for the LWDA,<br><br>Plaintiffs,<br><br>v.<br><br>Allstates Consulting Services, LLC, a Delaware limited liability company; Fusion Technical Solutions, LLC, a Texas limited liability company; Black Box Global Network Services, Inc., a California corporation; Teldata Corporation, dba Black Box Network Services, a Tennessee corporation; and Does 1-100, inclusive,<br><br>Defendants. | No. 2:18-cv-03216-KJM-DB<br><br>ORDER |

The parties jointly request the court approve their settlement of certain claims, as required by California's Private Attorneys General Act (PAGA), Labor Code § 2698, et seq. For the reasons below, **the court approves the settlment.**

I.     **BACKGROUND**

    A.     **Procedural Background**

On August 13, 2018, plaintiff Shanta Decker filed notice with California's Labor & Workforce Development Agency (LWDA), indicating her intent to seek penalties for defendants' alleged failure to pay wages in a timely fashion, and failure to maintain and furnish accurate

1

itemized wage statements under PAGA as required by statute. Not. to LWDA, ECF No. 1 Ex. A-5.[1]

On November 2, 2018, Ms. Decker filed a complaint in Placer County Superior Court against her former employers, defendants AllStates Consulting Services, LLC ("AllStates"), Fusion Technical Solutions, LLC ("Fusion"), Black Box Corporation of Pennsylvania, Black Box Corporation, Black Box Global Network Services and TelData Corporation doing business as Black Box Network Services. *See* Compl. Ex A, ECF No. 1. Ms. Decker's allegations are that defendants (1) discriminated against her on the basis of her gender when determining her compensation, Cal. Gov't Code § 12940(a); (2) retaliated against her, Cal. Gov't Code § 12940(h); (3) failed to prevent said discrimination and retaliation, Cal. Gov't Code § 12940(k); (4) failed to pay at least minimum wage for all hours worked, Cal. Labor Code § 1194(a); (5) failed to pay overtime, Cal. Labor Code § 1194(a); (6) failed to pay timely wages, Cal. Labor Code § 204; (7) failed to pay wages upon cessation of employment, Cal. Labor Code § 203(a); (8) failed to maintain and furnish accurate wage statements, Cal. Labor Code § 226(a); (9) violated the Equal Pay Act, Cal. Lab. Code § 1197.5; (10) retaliated against Ms. Decker for calling attention to defendants' violation of the Equal Pay Act, Cal. Labor Code § 98.6; (11) failed to furnish timely payroll records, Cal. Labor Code § 226; and (12) failed to furnish timely personnel records, Cal. Labor Code § 1198.5. *Id.* ¶¶ 87–168. Ms. Decker incorporated into her complaint the request for the civil penalties, for which she provided notice to the LWDA in August 2018. Compl. at 35–36.

On November 2, 2018, defendants jointly filed an uncontested notice of removal to this court, claiming jurisdiction based on diversity. Not. of Removal, ECF No. 1. On April 22, 2019, parties stipulated to a stay pending mediation, ECF No. 13, and on October 30, 2019, they filed a notice of full settlement, with the need for the court's approval of the PAGA settlement with respect to certain claims, ECF No. 15. On March 26, 2020, the parties filed this joint motion seeking approval of the PAGA settlement. Mot., ECF No. 19.

---

[1] This document is submitted as an exhibit to the complaint, which is itself an exhibit to the notice of removal.

### B. Settlement Provisions

The settlement provides for a payment of $20,000 inclusive of attorneys' fees and costs. Mot. at 8–9. A total of $8,677.67, or approximately 43 percent of the total settlement amount, will be allocated to fees and costs, leaving $11,333.33, with $8,499.99 of that amount, or 75 percent, going to the LWDA, and $2,833.33, or 25 percent, distributed among the aggrieved employees. Mot. at 8–9. According to the parties, there are 15 or fewer aggrieved employees and each would receive an average payment of $188.88 if the settlement is approved. *Id.* at 9. As a condition of settlement, the claims seeking to asssess and collect civil penalties on behalf of the LWDA will be resolved. *Id.* at 8. The LWDA was notified of the agreed settlement on February 3, 2020, and has not filed any opposition to it. Mot. Ex. 4.

## II. DISCUSSION

"An employee bringing a PAGA action does so as the proxy or agent of the state's labor law enforcement agencies, . . . who are the real parties in interest." *Sakkab v. Luxottica Retail N. Am. Inc.*, 803 F.3d 425, 435 (9th Cir. 2015) (internal citations omitted). Thus, "[a]n action brought under the PAGA is a type of qui tam action." *Id.* at 429. Because a settlement of PAGA claims compromises a claim that could otherwise be brought by the state, the PAGA provides that "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]." Cal. Lab. Code § 2699(l)(2).

A party seeking approval of a PAGA settlement must simultaneously submit the proposed settlement to the LWDA to allow the LWDA to comment on the settlement if it so desires. PAGA provides that courts may exercise their discretion to lower the amount of civil penalties awarded "if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2). Because state law enforcement agencies are the "real parties in interest" for PAGA claims, the court's task in reviewing the settlement is to ensure the state's interest in enforcing the law is upheld. *Sakkab*, 803 F.3d at 435. As noted above, plaintiff's counsel transmitted a copy of the instant motion and supporting declarations as well as a copy of the Settlement Agreement to the LWDA, through the LWDA's online submission page, as required by California Labor Code

1  section 2699.  Hicks Decl. ¶ 16, ECF No. 48-2.  As noted, the LWDA has not submitted anything
2  to the court reflecting a position on the proposed settlement.
3        Other than the provisions reviewed above, PAGA does not establish a standard for
4  evaluating PAGA settlements.  Indeed, the LWDA itself has stated it "is not aware of any existing
5  case law establishing a specific benchmark for PAGA settlements, either on their own terms or in
6  relation to the recovery on other claims in the action."  *Ramirez v. Benito Valley Farms, LLC*,
7  No. 16-CV-04708-LHK, 2017 WL 3670794, at *3 (N.D. Cal. Aug. 25, 2017) (quoting from
8  LWDA response in *O'Connor v. Uber Technologies Inc.*, 201 F. Supp. 3d 1110 (N.D. Cal.
9  2016)).
10       At least one district court in this circuit has applied the factors set out in *Hanlon v.
11 Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart
12 Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), to evaluate a PAGA settlement.  *See O'Connor*,
13 201 F. Supp. 3d 1110 at 1134; *see also Hartley v. On My Own*, *Inc.*, No. 2:17-00353, 2020 WL
14 5017608 (E.D. Cal. Aug. 25, 2020).  The *Hanlon* factors, designed originally for use in evaluating
15 class action settlements, include (1) the strength of a plaintiff's case; (2) the risk, expense,
16 complexity and likely duration of further litigation; (3) the risk of maintaining class action status
17 throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed;
18 (6) the expertise and views of counsel; (7) the presence of government participation; and (8) the
19 reaction of class members to the proposed settlement.  *See Hanlon*, 150 F.3d at 1026.  Many of
20 these factors are not unique to class action lawsuits and bear on whether a settlement involving
21 more than one plaintiff is fair and has been reached through an adequate adversarial process.
22 Thus, the court, as it has before, continues to find these factors useful in evaluating a PAGA
23 settlement.  However, the court finds three of the *Hanlon* factors—risk of maintaining class
24 action status, presence of a governmental participant, and reaction of class members—irrelevant
25 to a PAGA settlement that is not also a class action and in which the LWDA, as here, opts not to
26 register a position.
27       Fundamentally, the court evaluates the PAGA settlement in light of the PAGA
28 requirement that the award not be "unjust, arbitrary and oppressive, or confiscatory."  Cal. Lab.

Code § 2699(e)(2).  The court considers the five relevant *Hanlon* factors and evaluates whether "the settlement provisions are at least as effective as the protections or remedies provided by state and federal law or regulation for the alleged violation."  Cal. Lab. Code § 2699.3(b)(4).

### A. "Unjust, Arbitrary and Oppressive, or Confiscatory" as to Defendant

This factor supports approval of this settlement.  Defendant is required to pay $20,000 to settle claims the parties agree expose defendant to a maximum of $47,212.86 in penalties.  Mot. at 8.  There is no indication here the settlement would be unjust, arbitrary and oppressive, or confiscatory, particularly given that the settlement award is below the maximum penalty.  *See* Cal. Lab. Code § 2699(e)(2) (allowing courts to reduce penalty below maximum penalty).  Defendants' joining in the filing of the request for approval of the settlement supports this conclusion.  *See generally* Mot.

### B. Success of the Relevant Claims

Plaintiff's certainty of success on two of the PAGA claims, and the weakness of her Equal Pay Act claim, favors approval of the PAGA portion of the parties' settlement.  The parties agree that defendants' wage statements failed to comply with state statutes until defendants made a deliberate decision, on November 20, 2017, to change the format of their wage statements to bring them into compliance.  Mot. at 9–10.  Plaintiff's counsel reasonably explains the significant hurdles to Ms. Decker's Equal Pay Act claim, while noting she has a basis for advancing the claim.

### C. Risk, Expense, Complexity and Likely Duration of Further Litigation

This factor too favors settlement.  The proposed settlement resolves the PAGA claims, and seeks the court's approval so that Ms. Decker and the approximately 15 other aggrieved employees affected by the claims can enjoy the benefits of the settlement without further delay.  The desirability of avoiding a delay in resolution of the litigation, given the apparent reasonableness of what has been presented to the court, supports approval of the settlement.

**D.     Amount of Settlement; Fees and Costs**

    **1.     Total Settlement Amount**

The PAGA settlement amount, $20,000, also supports approval. The calculation presented in the parties' joint motion supports the conclusion that defendants' maximum exposure to civil penalties on the wage statement violation claims is $35,250; with the maximum exposure on the other claims, including failure to pay or timely pay wages, the total exposure is $47,212.86. Mot. at 8, 10. This settlement represents slightly more than 42 percent of defendant's possible exposure. *Id.* at 10. In light of the significant exchange of information to which the parties are privy during settlement negotiations, courts have approved percentages as low as six percent, *see Rodriguez v. RCO Reforesting, Inc.*, No. 2:16-02523, 2019 WL 331159, at *5 (E.D. Cal. Jan. 25, 2019), or even zero percent, *see Wanderer v. Kiewit Infrastructure West Co.*, No. 2:18-02898, 2020 WL 5107618, at *4 (E.D. Cal. Aug. 31, 2020).

After fees, 25 percent of the remaining $8,499.99 will be distributed among all the affected employees. Mot. at 8–9. The $2,833.33 will be divided among 15 harmed employees at most, resulting in a payout of approximately $188.88 per person, depending on the final number of eligible employees. *Id.* This amount is comfortably within the range of what other courts have considered acceptable amounts for individual settlements of this type. *See Patel v. Nike Retail Servs., Inc.*, No. 14-04781, 2019 WL 2029061, at *3 (N.D. Cal. May 8, 2019) (approving settlement where average payment per employee was $30); *see also Basisali v. Allegiant Air, LLC*, No. 2:17-00353, 2019 WL 8107885, at *4 (C.D. Cal. July 1, 2019) (approving settlement where average payment per employee was $387).

    **2.     Attorneys' Fees and Costs**

As for attorneys' fees and costs, "PAGA provides for reasonable awards but does not provide a specific standard for evaluating attorneys' fees in a settlement of PAGA claims." Patel, 2019 WL 2029061, at *4 (citing Cal. Lab. Code § 2699(g)(1)). Part of the court's role in determining whether a PAGA settlement is reasonable involves determining whether the amount of attorneys' fees is proper. *Perez v. All Ag, Inc.*, No. 1:18-00927, 2020 WL 1904825, at *8 (E.D. Cal. Apr. 17, 2020) ("[T]he district court must assume a fiduciary role and act with a jealous

1 regard to the rights of those who are interested in the fund in determining what a proper fee award
2 is." (internal quotation marks and citation omitted)).  Courts in the Ninth Circuit generally "award
3 attorneys' fees under a fee-shifting statute using either the lodestar method or the percentage-of-
4 the-fund method." *Id.* (citing, *inter alia*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th
5 Cir. 2002); *Rincon v. W. Coast Tomato Growers, LLC*, No. 13-2473, 2018 WL 828104, at *5
6 (S.D. Cal. Feb. 12, 2018) (approving attorneys' fees in PAGA case using both lodestar and
7 percentage methods)).  For the percentage-of-the-fund approach, the Ninth Circuit has set a 25
8 percent benchmark as presumptively reasonable.  *Fischel v. Equitable Life Assur. Soc'y of U.S.*,
9 307 F.3d 997, 1007 (9th Cir. 2002).  "Special circumstances that could justify varying the
10 benchmark award include when counsel achieves exceptional results for the class, undertakes
11 extremely risky litigation, generates benefits for the class beyond simply the cash settlement fund,
12 or handles the case on a contingency basis." *Perez*, 2020 WL 1904825, at *8 (citing *In re Online
13 DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015)).  "An explanation, however,
14 is necessary when the court departs from the 25 percent benchmark." *Id.*

15      Here, the proposed fees are $6,666.67, or one-third of the settlement amount.  Baysinger
16 Decl. ¶ 41; Mot. Ex. A, ECF No. 19-2.  This exceeds the 25 percent benchmark, and thus requires
17 the court's careful consideration and full explanation if approved.  Only one attorney's fees are
18 covered by the pending request.  Plaintiff's counsel Ms. Baysinger estimates she has spent
19 approximately 20 hours on the PAGA claims; with her standard billing rate of $400 per hour, her
20 lodestar fee would be $8,000. *Id.* ¶ 46.  Her hourly rate is higher than what typically would be
21 awarded in this district to an attorney with her experience. *See In re Taco Bell Wage & Hour
22 Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (concluding, in PAGA case, that appropriate
23 rates in this community are . . . $250 to $350 per hour for attorneys with less than fifteen years'
24 experience . . . .").  Applying the low end of the typical range, $250, the lodestar figure would be
25 $5,000, which would require a multiplier of 1.33 to get to the amount counsel requests here.  On
26 balance, the court finds the lower hourly rate with the multiplier is reasonable given counsel's
27 experience, her responsible efforts to move the case along and settle what can be settled without
28 further litigation, and also taking account of the age of the case as approximately two years old.

*See, e.g., Hartley*, 2020 WL 5017608, at *6 (finding lodestar multiplier of 1.5 justified where litigation approximately 3 years old).  The court **approves** the requested attorney's fees.

However, counsel has failed to detail their litigation costs, saying only that the requested award of $2,000 "is less than the total costs that have been incurred."  Baysinger Decl. ¶ 47. Without better support, this court cannot determine whether the amount requested is reasonable. The request for costs is **denied without prejudice** to counsel's submitting itemized costs with proper support.

### E. Experience and Views of Counsel

This factor favors approval, buttressing the conclusions the court has reached above. The parties here are represented by competent and experienced counsel who represent they favor settlement. Counsel includes Jenny D. Baysinger and Robert J. Wasserman, shareholders with Mayall Hurley P.C., both of whom are experienced employment attorneys and PAGA practitioners.  Mot. at 8–9.  In her declaration, Ms. Baysinger avers she has spent the last seven years working almost exclusively on employment law issues, including ten class actions and eleven cases pending with PAGA representative claims.  *See* Baysinger Decl. ¶ 40.  While this court evaluates each attorney's credentials separately, the court previously has determined attorneys from Mayall Hurley are competent counsel in PAGA cases, corroborating Ms. Baysinger's description of the firm's institutional experience.  Baysinger Decl. ¶¶ 38–39; *see Smith v. H.F.D. No. 55, Inc.*, No. 2:15-01293, 2018 WL 1899912, at *3 (E.D. Cal. Apr. 20, 2018). Given their experience and affiliations, the court deems counsel competent, and gives weight to their view that the settlement here "serves the punitive deterrent purposes of [] PAGA, is fair, adequate, and reasonable, and should be approved."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Smith*, 2018 WL 1899912, at *3.

### F. Totality of the Circumstances

Each of the relevant factors discussed above favors approval of the PAGA settlement. The record reflects an agreement reached by the two parties by "extensive independent negotiations [and]. . . a full-day mediation" "[a]fter engaging in informal discovery and
/////

8

substantive information exchange." Mot. at 5. For these reasons, the court finds the proposed settlement of the PAGA claims is fair and reasonable and promotes the purposes of PAGA.

### III. CONCLUSION

For the foregoing reasons, **the court approves the settlement of plaintiff's PAGA claims and requested attorneys' fees, but denies without prejudice costs**.

Within fourteen (14) business days after the filed date of this order, defendants shall deliver or cause to be delivered the following:

a. A check made payable to "Mayall Hurley, P.C." in the amount of $6,666.67 in satisfaction of fees incurred for prosecution of the PAGA claims;

b. A check made payable to the LWDA in the amount of $8,500;

c. Checks in the aggregate amount of $2,833.33 to each of the Aggrieved Employees in his/her proportional share amount and delivered to his/her last, known address; and

d. Any amounts associated with checks to Aggrieved Employees that are returned as undeliverable and/or not cashed within 120 days from issuance shall be remitted to the LWDA.

As contemplated by the parties' settlement agreement, the parties are directed to file a stipulation and proposed order to dismiss this case with prejudice, within thirty (30) days.

This order resolves ECF No. 19.

IT IS SO ORDERED.

DATED: December 29, 2020.

CHIEF UNITED STATES DISTRICT JUDGE